IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DARREL TURK, §
TDCJ-CID NO. 1124638, §
 §
      Petitioner, §
 § CIVIL ACTION NO. H-09-1029
v. §
 §
NATHANIEL QUARTERMAN, §
 §
      Respondent. §

**MEMORANDUM OPINION AND ORDER**

    Darrel Turk, a prisoner of the Texas Department of Criminal Justice - Criminal Institutions Division (TDCJ-CID), has filed a petition for a writ of habeas corpus challenging the outcome of a TDCJ-CID disciplinary hearing. This action will be dismissed because it is baseless.

**I.  Procedural History and Claims**

    Turk is currently serving a twenty-five-year sentence in TDCJ-CID after having been convicted in state district court of two counts of aggravated robbery. See TDCJ-CID Website, Offender Search, http://168.51.178.33/webapp/TDCJ/index2.htm. See also Turk v. Quarterman, No. H-06-4027 (S.D. Tex. Mar. 31, 2008) (28 U.S.C. § 2254 habeas action challenging state court convictions), citing State v. Turk, No. 896819 (262nd Dist. Ct, Harris County, Tex., Sept. 12, 2002). Turk does not challenge his state court judgments

in this action. Instead, his habeas petition concerns eight prison administrative disciplinary proceedings in which Turk was found guilty of violating TDCJ-CID rules while serving his prison sentences. (Docket Entry No. 1 at 2, 5) The disciplinary officer assessed the following punishments: classification demotion from S3 to L3; forfeiture of 315 days of good-time credit; 15 days of solitary confinement; and restrictions on his privileges for 735 days. (Docket Entry No. 1, at 5) Turk asserts that he was subjected to double jeopardy, denial of due process, discrimination, and oppression. Id. at 7.

## II. Analysis

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Broussard v. Johnson, 253 F.3d 874, 876 (5th Cir. 2001) quoting Wolff v. McDonnell, 105 S.Ct. 2192, 2195 (1974). An inmate's liberty interests are implicated only when the disciplinary measures taken against him inflict deprivations that are atypical and significant in relation to the ordinary incidents of prison life. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). The restrictions on Turk's privileges are merely changes in the conditions of his confinement, which do not implicate due process concerns. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). They are not penalties that would be considered "the type of atypical, significant deprivation" that

would be actionable.  Id.  See also Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000); Pichardo v. Kinker, 73 F.3d 612, 612-13 (5th Cir. 1996).  His fifteen-day stay in solitary confinement would not be actionable either because it is also a temporary condition not subject to habeas review.  See Malchi v. Thaler, 211 F.3d at 958; Pichardo, 73 F.3d at 612-13; McGuinness v. Dubois, 75 F.3d 794, 797 n.3 (1st Cir. 1996).  However, Turk's forfeiture of good time bears further examination.  See Malchi, at 958.

Under Texas law certain eligible prisoners may be released under mandatory supervision before the expiration of their sentence if they have received time credits for good conduct and calendar time credit plus their good-time credit equals the term of their sentence.  Tex. Gov't Code Ann. § 508.147 (V.T.C.A. 2004).  Turk's claim may be actionable if his date of release under mandatory supervision is actually delayed by a disciplinary proceeding in which his procedural due process rights were violated.  Malchi, 211 F.3d at 958.  However, Turk's aggravated robbery conviction renders him ineligible for such a release.  Tex. Gov't Code Ann. § 508.149(a)(12) (V.T.C.A. 2008).  Moreover, Turk concedes that forfeiture of good-time credit does not affect his release date because he admits that he is not eligible for release under mandatory supervision.  (See Docket Entry No. 1 at 5, Answer 16 ("Are you eligible for mandatory supervised release? - No").)

The court liberally construes Turk's claim regarding his classification change to include an allegation that it has

adversely affected his ability to earn good-time credit, which, in turn, may hurt his chances of being released before the expiration of his sentence.  Although some prisoners in the Texas prison system may earn good-conduct time to hasten their eligibility for release on parole or mandatory supervision, they do not have an unqualified right to earn good time.  See Tex. Gov't Code § 498.003 (V.T.C.A. 2007) ("Good conduct time is a privilege and not a right.").  Any contention by Turk that his rights were violated by the loss of the opportunity to earn good time, which might possibly lead to an earlier release, would be too speculative to implicate a violation of a constitutionally protected liberty interest. Venegas v. Henman, 126 F.3d 760, 765 (5th Cir. 1997), citing Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).  Moreover, as stated above, Turk is not eligible for release under mandatory supervision.  Similarly, any adverse effects the disciplinary action may have had on Turk's chances for parole are not actionable because Texas prisoners do not have any liberty interest in parole. Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995).

Therefore, the punishments imposed are not actionable due to the fact that they do not increase the amount of time that Turk must serve in the TDCJ-CID system before he is released from custody.  See Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995) ("[I]t is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status.").

The federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Turk's habeas petition will be dismissed because it lacks an arguable basis in law. See McDonald v. Johnson, 139 F.3d 1056, 1060 (5th Cir. 1998); Newby v. Johnson, 81 F.3d 567, 568-69 (5th Cir. 1996).

### III.  Allegations of Civil Rights Violations

Apart from his challenge to the prison disciplinary proceedings, Turk alleges that he has been denied medical care and that guards had stolen his personal property. A prisoner files a habeas petition to challenge the fact or duration of his confinement. Preiser v. Rodriquez, 93 S.Ct. 1827, 1833 (1973). If the inmate complains about the conditions of his confinement, he must file a civil rights action. See Patton v. Jefferson Correctional Center, 136 F.3d 458, 463-64 (5th Cir. 1998), citing Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994). Such claims will not be considered in this action because it was filed as a habeas challenge to the validity of Turk's confinement. Id.; Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997). The court has previously advised Turk that he needs to pursue his civil rights claims in an action separate from a habeas petition. See Turk v. Quarterman, No. H-06-4027, Docket Entry No. 25, at 11-12.

## IV. Certificate of Appealability

A Certificate of Appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). A district court may deny a Certificate of Appealability, sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The court has determined that Turk has not made a substantial showing that reasonable jurists would find the court's procedural ruling to be debatable. Therefore, a Certificate of Appealability from this decision will not be issued if Turk were to file an appeal.

## V. Conclusion

The court **ORDERS** the following:

1. The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice**.

2. A Certificate of Appealability is **DENIED**.

3. The Application to Proceed Without Prepayment of Fees (Docket Entry No. 3) is **GRANTED**.

4. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the petitioner and a copy of the Petition and this Memorandum Opinion and Order to the respondent and the attorney general by sending one copy of each to the Attorney General for the State of Texas.

**SIGNED** at Houston, Texas, on this 30th day of July, 2009.

SIM LAKE
UNITED STATES DISTRICT JUDGE